LEE, J., for the Court.
PROCEDURAL HISTORY
¶ 1. On November 2, 2001, a jury in the Circuit Court of Adams County found Curtis Hoye guilty of aggravated assault. Hoye was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Hoye now perfects his appeal to this Court, asserting that the trial court erred in failing to grant the motion for directed verdict because the evidence was insufficient to support the *267 conviction and that the State failed to proved an essential element of the crime charged. Finding Hoye’s issues to be without merit, we affirm.
FACTS
¶ 2. Although there was some conflicting testimony, the pertinent facts are as follows. On the night of November 4, 2000, Hoye and his girlfriend, Gertrude Gran-son, were at Ms. B’s Club on Emerald Mound Road in Adams County. Hoye and Granson had an argument and Granson attempted to leave. In the parking lot of the club, as Hoye was attempting to prevent Granson from leaving, Elliston Fitzgerald approached and told Hoye to leave Granson alone. Fitzgerald testified that he heard a woman yelling for help, saw Hoye “beating on” Granson, and told him to stop. Granson ran back into the club to call the police. Hoye immediately ran for his truck, retrieved a metal object, and charged at Fitzgerald.
¶ 3. Hoye proceeded to attack Fitzgerald with the metal object, hitting him repeatedly on the head, arms, and torso. Once Fitzgerald fell to the ground, Hoye continued to hit him with the metal object. Alvin Frisby and Virgil Gibbs each tried to prevent Hoye from further attacking Fitzgerald. Frisby and Gibbs testified that the metal object Hoye was using looked like a jack iron or a four-way lug wrench. Various witnesses testified that Fitzgerald was unarmed. Hoye tried to claim self-defense by introducing a witness, Marcus Kaho, who stated that Fitzgerald was the aggressor and he was holding a knife. However, one of the State’s witnesses stated that he had not seen Marcus Kaho on the scene that particular night.
¶ 4. After the altercation, Fitzgerald went to the emergency room where he was treated for lacerations to his eye area and injuries to his head. Fitzgerald was later transported to the University Medical Center in Jackson. Ultimately, Fitzgerald had to have surgery on his nose, some reconstructive surgery on his face, and stitches on various parts of his body.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT HOYE’S MOTION FOR A DIRECTED VERDICT BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION?
II. DID THE STATE PROVE THE ESSENTIAL ELEMENTS OF THE CRIME CHARGED?
¶ 5. As both of Hoye’s issues deal with the sufficiency of the evidence, we will discuss them together. Our standard of review concerning sufficiency of the evidence is as follows: the trial judge is required to accept as true all of the evidence favorable to the State, including any reasonable inferences that may be drawn therefrom. Wall v. State, 718 So.2d 1107(¶ 15) (Miss.1998). If, under this standard, sufficient evidence to support the jury’s verdict of guilty exists, the motion for a directed verdict should be denied. Isaac v. State, 645 So.2d 903, 907 (Miss.1994). The court will reverse only when reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Furthermore, it is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all inferences flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
¶ 6. We find that sufficient evidence existed for the jury to find Hoye guilty of aggravated assault. Numerous witnesses testified that Hoye retrieved a metal ob *268 ject from his car, that he attacked Fitzgerald with this weapon, that Fitzgerald was unarmed, that Fitzgerald did not attempt to fight back, and that two onlookers each attempted to stop Hoye. Frisby testified that he tried to stop Hoye, but Hoye kept hitting Fitzgerald. Gibbs then testified that he pulled Hoye from Fitzgerald, after which, Hoye finally left the scene.
¶ 7. As to the weapon used by Hoye, Frisby testified that it looked like a jack iron or a four-way lug wrench. Frisby also stated that Hoye was beating Fitzgerald on the head with this weapon and that his head was bleeding freely. Gibbs testified that Hoye was using a four-way lug wrench to beat Fitzgerald. Brenda Mar-saw, the owner of the club, went outside and saw Hoye beating Fitzgerald with “some type of metal, similar like a cross or something.” Gertrude Johnson also witnessed the entire altercation and stated that she saw Hoye knock down Fitzgerald, go back to his car to get a “four-way lug wrench that you take the lugs off the tires with” and begin beating Fitzgerald with this wrench.
¶ 8. Hoye did attempt to make a case of self-defense by testifying, along with Marcus Kaho, that Fitzgerald was armed with a knife and was advancing upon him. Hoye stated that he grabbed a bean stick and attempted to defend himself with it. However, in accepting as true all evidence favorable to the State and finding that there was sufficient evidence to deny the motion for a directed verdict, we cannot find that reasonable and fair-minded jurors could only find Hoye not guilty. Therefore, we affirm.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.